UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 )
 ) **Notice of Motion for Relief**
 ) **From (Check All That Apply):**
 )     **Automatic Stay in a Chapter 7/13 Case**
 )     **Chapter 13 Codebtor Stay**
Debtor(s) )

1. **YOU ARE NOTIFIED** that a motion was filed by _____, the moving party, for (Check all that apply):

    ☐ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

    ☐ Relief from the stay protecting the codebtor and codebtor's property as provided by 11 U.S.C. § 1301. Codebtor's name and service address are: _____
    _____.

2. A copy of the motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____
_____.

3. If you wish to resist the motion, you must, within 14 days of the service date shown below, file the following with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E. 8th Ave. #2600, Eugene OR 97401:

    a. A written response that states the facts supporting the opposition to the motion by filling in the applicable "response" portions on a copy of the original motion. If the response will be electronically filed, the response must be prepared using the fillable pdf version of the original motion unless the motion was filed on paper and could not be electronically obtained from the movant; and

    b. A fully completed notice of hearing using Local Bankruptcy Form (LBF) 721, including the date and time of the hearing. Available hearing dates and times are posted at https://www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information.

4. **Failure to Object or Serve Proper Notice of Hearing**. If you fail to file a timely response and notice of hearing, then the automatic stay may expire as to the debtor(s) pursuant to 11 U.S.C. § 362(e) and the stay protecting the codebtor may expire pursuant to 11 U.S.C. § 1301(d), or the court may sign an order without further notice, submitted by the moving party on LBF 720.90, granting relief from the debtor stay and/or codebtor stay.

**720 (12/1/2018)**     Page 1 of 2

I certify that:

(1)  The motion was prepared using the fillable PDF version of LBF 720.80; and

(2)  On _____ this notice and the motion were served on the debtor(s), any codebtor at the address listed above, the trustee, the U.S. Trustee, members of any committee elected pursuant to 11 U.S.C. § 705, and their respective attorneys.

_____
Signature of Moving Party or Attorney                    (OSB#)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re          )   Case No._____
            )
            )   (CHECK ALL APPLICABLE BOXES)
            )   ☐ Ch. 7/13 Motion for Relief from
            )     ☐ DEBTOR ☐ Chapter **13** CODEBTOR Stay
            )     Filed by Creditor:
            )     _____
            )   ☐ *Response to Stay Motion filed by Respondent:*
Debtor(s)         )   _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):


    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:


    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:
    Judgment in favor of HOA, Case no. CV140147, $5263.40 + 12% interest from 11/6/2014
    Judgment in favor of Nationstar, Case No. 11CV1133, $361,645.17 + int from 4/14/2016

    Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
    Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.   Debtor has not made a payment on the property since 2010

    f. If Chapter 13:

    (1) $_____ postpetition default consisting of (e.g., $\_\_\_\_ payments, $\_\_\_\_ late charges, $\_\_\_\_ fees):

    (2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:


    g. If Chapter 7, total amount of default $_____.

*RESPONSE (Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   - [x] Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   - [x] Lack of insurance on collateral.
   - [ ] No equity in the collateral and the property is not necessary for an effective reorganization.
   - [ ] Failure of debtor to make Chapter 13 plan payments to the trustee.
   - [ ] Failure of debtor to make direct payments to secured creditor as required by Chapter 13 plan.
   - [ ] Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) 720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: _____ Current Chapter: _____ (7 or 13)
   If 13, current plan date _____ Confirmed: ☐ Yes ☐ No
   If 13, treatment of creditor's prepetition claim(s) in plan:

   If 7, debtor ☐ has ☐ has not stated on Local Form (LBF) 521 or 521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
   - ☐ Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
   - ☐ Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
   - ☐ Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)
   a. _____, whose address is _____ _____ is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes): ☐ codebtor received the consideration for the claim held by creditor, ☐ debtor's plan does not propose to pay creditor's claim in full, ☐ creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or ☐ because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

    ☐ Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

    ☐ Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete ¶5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

    ☐ Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

    ☐ Other (describe and explain cause):

*RESPONSE (Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Form (LBF) 720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

720.80 (12/1/2017)         Page 3 of 4

Case 18-33749-pcm7    Doc 36    Filed 02/28/19

**7. Documents:**

**If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.
   See attached Judgment of Foreclosure and Supplemental Judgment
**If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:
☐ Postpetition payment history if not required above.
☐ Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
☐ Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

# EXHIBIT 1 - GENERAL JUDGMENT

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| PENNYMAC CORP., <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER R. RAMOS aka Jennifer Renae Ramos; JEFF E. RAMOS aka Jeffrey Edward Ramos; TRINITY FINANCIAL SERVICES, LLC; PNC NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK; RIVER CANYON ESTATES HOMEOWNERS' ASSOCIATION, INC.; RAY KLEIN INC. DBA PROFESSIONAL CREDIT SERVICES; COULTER SUBDIVISION HOMEOWNERS; NATIONSTAR MORTGAGE, LLC; and OCCUPANTS OF THE PREMISES, <br><br> Defendants. | No. 13CV0492 <br><br> GENERAL JUDGMENT OF FORECLOSURE |

Based upon (1) the Order Granting Plaintiff's Amended Motion for Summary Judgment against defendant Jennifer Ramos; (2) the Orders of Default against Defendants Jeff E. Ramos, Trinity Financial Services, LLC, PNC National Association, River Canyon Estates Homeowners' Association, Inc., Ray Klein, Inc., Coulter Subdivision Homeowners, and Occupants of the Premises; and, (3) the Stipulation for Entry of Limited Judgment against Nationstar Mortgage, LLC, and the files and records herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECLARED that Plaintiff shall have judgment as follows:

Page 1 -   GENERAL JUDGMENT OF FORECLOSURE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\129707\214088\CGR\22724925.4

Case 18-33749-pcm7    Doc 36    Filed 02/28/19

1. The Deed of Trust granted by Jennifer Ramos and Jeffrey Ramos, as grantors, to Deschutes County Title Company as trustee, for the benefit of Mortgage Electronic Registration Systems, Inc., solely as nominee for Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), as beneficiary, recorded on May 15, 2007, as Document No. 2007-27743, in the official records of Deschutes County, Oregon (the "Trust Deed"), is a first, valid, prior subsisting lien against real property (the "Property") commonly known as 19560 Hollygrape Street, Bend, OR and legally described as follows:

> Lot Thirty-Three of River Canyon Estates, City of Bend, Deschutes County, Oregon
>
> The Real Property or its address is commonly known as 19560 Hollygrape Street, Bend, OR 97702. The Real Property tax identification number is Account No.: R208923, Map No.: 181113AA00700.

The Trust Deed secures payment of a Note that Jeffrey and Jennifer Ramos executed and delivered to Sierra Pacific. Plaintiff is the current holder of the Note;

2. The lien of the Trust Deed is prior and superior to any right, title, interest, lien or claim of defendants, or any party claiming by through or under any defendant, to the Property;

3. The amount of debt declared due to Plaintiff and that secures the lien of the Trust Deed is as follows: principal of $727,783.18; plus accrued interest of $254,853.06, through January 31, 2018; plus interest accruing thereafter at the rate of 6.750% per annum until date of entry of judgment; plus late fees of $1,637.52, escrow advance fees of $94,431.99, property preservation fees of $1,031.50, and BPO/appraisal fees of $156.00. As of January 31, 2018, the total amount due was $1,079,893.25, plus Plaintiff's reasonable attorney fees and costs and disbursements incurred in connection with enforcing its rights and remedies under the Adjustable Rate Note, Modification Agreement, and Trust Deed with interest thereon at the statutory rate of nine percent (9%) per annum from the date of entry of judgment, until paid;

Page 2 -    GENERAL JUDGMENT OF FORECLOSURE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\129707\214088\CGR\22724925.4

Case 18-33749-pcm7    Doc 36    Filed 02/28/19

1   4.   The lien of the Trust Deed shall be foreclosed and the Property shall be sold by
the Sheriff of Deschutes County in the manner prescribed by law and in accordance with the
practice of this Court to satisfy of the amounts due to Plaintiff, as set forth in paragraphs 3, 8,
and 9. The proceeds derived from the sale of the Property shall be applied first towards the costs
of sale and then towards satisfaction of the amounts declared to be due to Plaintiff. The balance,
if any, shall be distributed to any such party or parties that may establish their rights thereto;

5.   Defendants, and all persons claiming by, through, or under them, whether as
purchasers, encumbrancers, or otherwise, are barred and foreclosed of all right, title, estate,
claim, or interest of every kind and nature in and to the Property, and every part and parcel
thereof, including the tenements, appurtenances, and fixtures, if any, thereunto belonging or
appertaining, save only such statutory right of redemption as they may have in and to the
Property;

6.   Plaintiff may become a purchaser of the Property, or any part of parts thereof, at
said sale; Plaintiff may credit bid up to the aggregate amount set forth in paragraphs 3, 8, and 9
without advancing any cash; upon the sale, the purchaser or purchasers of the Property shall be
entitled to immediate possession of the Property, and if any person or persons in possession shall
refuse to surrender possession to the purchaser or purchasers upon confirmation of said sale and
demand for possession, such purchaser or purchasers shall have the benefits of such remedies as
the law may afford to secure such possession, including the extraordinary writ of assistance;

7.   Defendant Jennifer Ramos' Counterclaim is dismissed with prejudice;

8.   Plaintiff is the prevailing party and is awarded its attorney fees and cost, to be
determined under ORCP 68; and

/ / /
/ / /
/ / /
/ / /

Page 3 -   GENERAL JUDGMENT OF FORECLOSURE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\129707\214088\CGR\22724925.4

Case 18-33749-pcm7   Doc 36   Filed 02/28/19

1    9.   Plaintiff is awarded a prevailing party fee of $85 under ORS 20.190(1)(b)(A).

Signed: 4/30/2018 02:09 PM

Circuit Court Judge A. Michael Adler

SUBMITTED BY:

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Craig G. Russillo*
Craig G. Russillo, OSB #973875
crussillo@schwabe.com
Anna Helton, OSB #054424
ahelton@schwabe.com
David A. Anderson, OSB #092707
danderson@schwabe.com
Telephone: (503) 222-9981
Of Attorneys for Plaintiff

Page 4 -   GENERAL JUDGMENT OF FORECLOSURE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\129707\214088\CGR\22724925.4

Case 18-33749-pcm7    Doc 36    Filed 02/28/19

# EXHIBIT 2 - SUPPLEMENTAL JUDGMENT

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| PENNYMAC CORP., <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER R. RAMOS aka Jennifer Renae Ramos; JEFF E. RAMOS aka Jeffrey Edward Ramos; TRINITY FINANCIAL SERVICES, LLC; PNC NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK; RIVER CANYON ESTATES HOMEOWNERS' ASSOCIATION, INC.; RAY KLEIN INC. DBA PROFESSIONAL CREDIT SERVICES; COULTER SUBDIVISION HOMEOWNERS; NATIONSTAR MORTGAGE, LLC; and OCCUPANTS OF THE PREMISES, <br><br> Defendants. | No. 13CV0492 <br><br> SUPPLEMENTAL GENERAL JUDGMENT |

This matter having come before the Court for consideration of Plaintiff's Statement of Attorney Fees, Costs, and Litigation Expenses, the Court having received no objections, and the Court having reviewed the materials submitted and being fully advised in the premises, now therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded $244,573.26 for reasonable and necessary attorney fees, litigation expenses, costs and disbursements, and the prevailing party fee, plus interest accruing on that amount at the rate of 9% per annum from date of entry of judgment until fully paid. The amount awarded to Plaintiff in this supplemental judgment is a debt declared due to Plaintiff that is a part of the debt secured

Page 1 -   SUPPLEMENTAL GENERAL JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\129707\214088\ASM\23158317.1

Case 18-33749-pcm7    Doc 36    Filed 02/28/19

1 by the lien of the Trust Deed that is the subject of the General Judgment of Foreclosure entered

2 in this case.

3

4

5    Signed: 6/6/2018 11:42 AM

6

7    _____
    Circuit Court Judge Raymond D. Crutchley

8

9 SUBMITTED BY:

10 SCHWABE, WILLIAMSON & WYATT, P.C.

11

12 By: _s/ Anna Helton_
    Craig G. Russillo, OSB #973875
13  crussillo@schwabe.com
    Anna Helton, OSB #054424
14  ahelton@schwabe.com
    David A. Anderson, OSB #092707
15  danderson@schwabe.com
    Telephone: (503) 222-9981
16  Of Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

Page 2 -   SUPPLEMENTAL GENERAL JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

PDX\129707\214088\ASM\23158317.1

Case 18-33749-pcm7    Doc 36    Filed 02/28/19